STATE EX REL. PENINSULA SECURITY CO., RELATOR, *v.*
BOARD OF COUNTY COMMISSIONERS, RESPONDENT.

(No. 4,987.)

(Submitted December 12, 1921. Decided December 24, 1921.)

[202 Pac. 1108.]

*Mandamus—County Commissioners — Unincorporated Towns—
Fire Limits—Establishment—Discretion.*

County Commissioners—Unincorporated Towns—Fire Limits—Establish-
ment—D scretion—*Mandamus.*
  1. *Mandamus* does not lie to compel a board of county commis-
  sioners to establish fire limits in an unincorporated town or village
  in which a voluntary fire department had previously been organized,
  and to levy a special tax for its maintenance, its authority in that
  respect being discretionary and not mandatory.
Same—Rescinding Resolution Establishing Fire Limits—When not Im-
proper.
  2. Where a board of county commissioners in its discretionary
  power had by resolution established fire limits in an unincorporated
  town under Chapter 16, Laws of 1915, and directed the levy of a
  special levy as therein provided, it could, in its discretion, properly
  rescind its action, no one in the meantime having taken any action
  to his prejudice in reliance upon the resolution first passed.

Original application for a Writ of Mandamus by the State,
on the relation of the Peninsula Security Company, against
the Board of County Commissioners of Chouteau County. Dis-
missed.

*Mr. J. A. Kavaney,* for Relator, submitted a brief and argued
the cause orally.

*Mr. H. F. Miller,* for Respondent, submitted a brief.

MR. JUSTICE REYNOLDS delivered the opinion of the
court.

Petition was filed by relator praying for a writ of mandate
to compel the board of county commissioners of Chouteau
county to forthwith meet and prescribe the limits of a fire
district for Square Butte, an unincorporated town within that

county, and to levy a tax on all the property within the district with which to pay a certain outstanding warrant and other indebtedness. Respondent filed a motion to quash for the reason, among others, that it is a matter of discretion with the board of county commissioners as to whether or not it will determine the limits of such fire district and levy such a tax.

On the twenty-sixth day of May, 1915, the Square Butte [1] Volunteer Fire Department was organized under the provisions of section 2076 of the Revised Codes. Immediately after its organization, it purchased fire equipment and gave a warrant to the American Hose & Apparatus Company in the sum of $639.07 to cover the purchase price of certain fire apparatus and supplies, which warrant is now owned by relator. Upon the fifth day of June, 1915, the fire company filed with the county clerk of Chouteau county a petition to the board of county commissioners, praying that it establish fire limits and levy a special tax and assessment in accordance with the provisions of section 2081 of the Revised Codes, as amended. On the seventh day of July, 1921, the board of county commissioners, by resolution, established the boundaries of the fire district and directed the levy of a special tax upon all property within the fire limits so established for the purpose of buying apparatus and paying outstanding warrants, and for the maintenance of the fire department. On the following day, however, the board of county commissioners rescinded its action and turned over the matter to the county attorney for investigation, the same to be submitted to the board at the August meeting for final action. Since that time nothing further has been done by the board.

The section, as amended, authorizing the board to take action in the matter, in so far as it is pertinent to the question involved in this case, reads as follows: "The board of county commissioners are authorized to establish the fire limits in any unincorporated town or village, and at the time of the annual levy of taxes may levy a special tax upon all the property within such limits for the purpose of buying apparatus and

maintaining the fire department of any such town or village, and such tax must be collected as are other taxes.   *   *   *   " (Laws 1915, Chap. 16, p. 27.)   It is to be noted that this Act does not command the board to establish the fire limits and levy the special tax but merely authorizes it to do so.   It is undoubtedly true that in many cases the authority to do a certain act may be construed as a mandatory obligation so to do, but in this particular case, construing the section in connection with section 2076, authorizing the organization of the volunteer fire company, we are constrained to hold that the board has a discretion in the matter.   In view of the laxity of the provisions of the section providing for the organization of the volunteer hose company, in which there is no limitation whatever as to the number of persons that may so organize the company, whether representative of the whole community or not, and even without the requirement that they be residents of the community, whereby they would be enabled to take action to force a levy of a tax upon all the property of the community without limitation as to amount if the provisions of section 2081, as amended, are mandatory, there would be no possble check upon the expenditures of such a company so organized and no protection whatever to the citizens of the community against an excessive and extravagant taxation.   It is inconceivable that the legislature intended that a comparatively small number of persons should have the power and authority to compel the levy of a tax upon a majority of the people within the same community without their consent and without such a tax being authorized by some responsible authority having discretion to review the circumstances and determine whether or not a company so organized may be truly representative of the community in which it is organized and thereby speak the sentiments of the community as a whole; and yet such would be the result if the board of county commissioners had no discretion in the matter.   By holding that the board of county commissioners has such a discretion, the only method by which

a reasonable check can be had upon taxation for fire department purposes in unincorporated towns is preserved.

If the board of county commissioners had discretion in the [2] matter in the passing of the resolution which was passed for the establishment of the fire district of Square Butte and authorizing the levy of the tax upon the property within that district, it also had the discretion to rescind that action, providing that no rights had become vested by reason of the passing of the resolution. In this case the warrant in question was issued prior to the passage of the resolution, so that any right in the warrant could not have been founded upon the resolution, and therefore the relator was not injured by the action of the board in rescinding the resolution. So far as appears from the record, no other person had parted with any consideration or taken any action whatever relying upon such resolution, so apparently no one else was harmed by its rescission.

For the reasons herein given, the motion to quash is sustained, and it is ordered that the proceeding be dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.